UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-CR-268(1) SRN/LIB |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER** |
| Alexia Gah Gi Gay Mary Cutbank, | |
| Defendant. | |

Defendant Alexia Gah Gi Gay Mary Cutbank ("Ms. Cutbank") asks the Court to revoke her detention order and grant her release on appropriate conditions pending trial in her case. This motion is made pursuant to 18 U.S.C. § 3145(b).

A.   **Offense Facts**

The Indictment contains allegations that Ms. Cutbank Aided and Abetted Second Degree Murder and Assault and alleges Assault with a Dangerous Weapon. ECF No. 1. The Superseding Indictment adds a third count of Assault Resulting in Serious Bodily Injury. ECF No. 39. The charges relate to incidents that occurred on August 12, 2019 – nearly three years ago. The allegations do not articulate Ms. Cutbank's involvement. Discovery produced by the government describes that victim D.A.J. was shot by one of three masked and unidentified individuals. The testimony of witnesses describing the shooter appears to be inconsistent and no one has identified Ms. Cutbank as the shooter or as one of the other masked individuals. Incident reports describe T.B.S. as a victim of an errant shot that wounded her during that incident. She has not identified her assailant.

Ms. Cutbank has been detained in Federal Custody since December 10, 2022. ECF No. 8. She gave birth to a baby daughter on January 20, 2022, while in custody. She currently awaits trial in Douglas County Jail.

### B.   Magistrate Judge's Findings

On December 15, 2021, an arraignment and detention hearing was held before Magistrate Judge Docherty. Undersigned counsel did not contest Ms. Cutbank's detention at that time but expressly reserved the right to do so if circumstances changed. Magistrate Judge Docherty did not issue a detention order, but rather recognized Ms. Cutbank's reservation of rights in ordering her detention pending "per further proceedings." ECF No. 17. On April 8, 2022, a motions hearing was held in front of Magistrate Judge Brisbois to hear Ms. Cutbank's motion for release to in-patient treatment. ECF No. 117. That motion was denied. *Id.*

At the threshold, Magistrate Judge Brisbois did not accept that the prior detention hearing was held in abeyance—but rather reasoned that Ms. Cutbank had waived the detention hearing at that time.[1] Regardless, the court reasoned that the availability of an opening at Avivo treatment center in Minneapolis and an invitation for Ms. Cutbank to join in-patient treatment presented a change in circumstance that supported the reopening of the detention hearing. After hearing argument from counsel, Magistrate Judge Brisbois determined that by a preponderance of the evidence there existed no

---

[1] Undersigned does not have available the transcript from the April 8, 2022, hearing, and due to the deadline for appeal, cannot delay filing while waiting for an expedited transcript. *See generally* L.R. 72.2(a)(1) ("A party may file and serve objections to the order within 14 days.").

combination of conditions that would reasonably assure the Ms. Cutbank's appearance for court proceedings aside from continued detention.  The Court made no finding that the Defendant was a danger to the community.

The Bail Reform Act, codified at 18 U.S.C. § 3142, sets forth a list of factors to be considered at 18 U.S.C. § 3142(g)(1)-(4).  A person can be detained only upon a finding that the person presents such a risk of flight that incarceration is the only alternative, or that clear and convincing evidence shows that "no condition or combination of conditions will reasonably assure the safety of any other person and the community."  If neither of these findings is supported, the statute requires release. Pursuant to 18 U.S.C. § 3145(b), Ms. Cutbank requests that the District Court revoke the detention order and grant her release under conditions that satisfy 18 U.S.C. § 3142(b) or (c).

The Magistrate Judge found that Ms. Cutbank's past failures to make court appearances and her evasion of law enforcement necessitated her on-going detention. The court reasoned that her history did not support that she would reliably be present for court appearances.  Further, the court dismissed Ms. Cutbank's ties to the community in northern Minnesota, her lack of resources and passport, lack of acquaintances outside of Minnesota, and lack of familiarity with any alternate abode outside the state of Minnesota as supporting her inability to flee.  To paraphrase:  the court reasoned that those limitations were in place when Ms. Cutbank previously failed to make court appearances and that nothing had changed that would reasonably assure her appearance for court appearances other then continued detention.

3

This finding does not fully appreciate the significance of the birth of Ms. Cutbank's daughter in January 2022.  The birth of her daughter has served as the impetus for Ms. Cutbank's motivation and desire to attend chemical dependency inpatient treatment and to have the ability to be with her infant.  The birth of her daughter also proves to be a very material reason that supports her dependability and reasonable assurance of staying within the community and meeting court appointed deadlines.  Ms. Cutbank recognizes that her failure to comply with her conditions of release would terminate her ability to attend treatment and terminate her ability to be with her daughter.  As articulated in her letter to the court, Ms. Cutbank would not do anything to further jeopardize her ability to be with her daughter.  ECF No. 109-1 ("I am willing to do whatever the court deems necessary to allow me this freedom.").

To that point, Ms. Cutbank also urged the court to consider other methods that would assure the government of her appearance at court hearings and appease continued apprehensions of flight.  These methods included an electronic ankle monitor and daily (or more frequent) check-ins with probations or other applicable law enforcement authorities.  Neither suggestion was evaluated by the court. Both measures would lend strong assurance to Ms. Cutbank's reasonable assurance of appearance at court hearings.

Ms. Cutbank has an admitted history of missing scheduled court appearances.  However, Ms. Cutbank is a new mother with a new perspective on life and its inherent responsibilities.  She understands that her ability to be released from detention is predicated on her ability to meet the conditions of her release.

4

Despite her past history of missed court appearances, there is no record that Ms. Cutbank evaded the jurisdiction of the court. Further, the federal pretrial system is set up in a much more formal manner. Pretrial Services has numerous tools at its disposal to monitor the location and availability of a person under supervision. A defendant represented by counsel has additional oversight as the attorney can ensure that his client is actually notified of court appearances. Finally, the serious nature of a federal felony ensures that a defendant understands the importance of appearing promptly in court.

The release and detention statute, 18 U.S.C. § 3142, has a sliding scale of supervision. Section (b) contemplates release on recognizance for most defendants. Subsection (c) applies to persons who are at risk of non-appearance. For those persons, the court can set up restrictions on living arrangements and may order electronic monitoring. The court can also order chemical monitoring to ensure that any drug or alcohol use is detected.

Here, Ms. Cutbank requests release to treatment to Avivo's intensive in-patient treatment program for families. ECF No. 108 at 3-4. This 30 to 90-day program is dedicated to therapy and treatment of addiction. Ms. Cutbank would be residing with her infant daughter in a secure facility. She would not be permitted to leave the premise without staff member supervisions. Staff members accompany patients to medical appointments and stores (if permitted). Cell phones and visitors are not allowed. Treatment and long-term sobriety are the intent and focus of the program.

Ms. Cutbank's past history of missed court appearances stems from a history of drug induced stupor (starting as a juvenile) and a failure of taking responsibility for her actions. That background should not preclude her from the opportunity to demonstrate reform based on the birth of her infant daughter. As articulated herein, there are sufficient precautions and conditions to Ms. Cutbank's release that will reasonably assure her appearance at future court appearances. Those conditions of release were not fully evaluated by the Magistrate when denying Ms. Cutbank's release to treatment.

With appropriate conditions set for monitoring, coupled with Ms. Cutbank's motivation to reform for her daughter, and compliance with pretrial supervisions, she will appear in court as ordered.

Dated: April 22, 2022                          DORSEY & WHITNEY LLP

                                               By *s/ RJ Zayed*
                                                  RJ Zayed (#0309849)
                                                  zayed.rj@dorsey.com
                                               50 South Sixth Street, Suite 1500
                                               Minneapolis, MN 55402
                                               Telephone: (612) 340-2600
                                               Facsimile: (612) 340-2868

                                               Attorney for Defendant

4886-0877-2381\